[No. 8070.]

IN RE. QUESTIONS BY THE GOVERNOR.

CONSTITUTIONAL LAW—*State Land Board—Income*—Moneys received by the state land board from the sale of the state lands, or rentals or royalties therefrom, or for interest on deferred installments of purchase money, are not the income of the board within the meaning of section 9 of article IX of the constitution. Salaries or expenses of the board are not to be paid from these funds, but only from the fees and commissions authorized by Rev. Stat. sec. 5172.

Whether under the enabling act, and the constitution, any portion of the funds arising from the sale or rentals of the state lands, or interest thereon, can be used for discharging the expenses of the trust in relation thereto, not decided, there being no legislative authority for such application thereof.

Mr. FRED FARRAR, Attorney General; Mr. FRANCIS E. BOUCK, Deputy Attorney General; Mr. NORTON MONTGOMERY, Assistant Attorney General; Messrs. DAVIS, WHITNEY & MOTHERSILL.

Mr. WILLIAM B. TOBBETS, *Amici Curiae.*

*Per Curiam:*

His excellency, the governor of the state, has addressed to this court a communication, wherein, after a statement of certain facts and references to certain statutes and sections of our constitution, particularly Section 9 of article IX, the following questions are asked:

1. Should the word "income" as used in section 9 of article IX of the constitution as above quoted be construed to mean and include moneys received for interest, rents, royalties or the purchase price of lands ceded to the state or to include any one or more of these items?

2. Should the salaries and expenses of the state board of land commissioners, aside from the salaries of the commissioners themselves and the expenses provided for by section 5172 Revised Statutes of 1908, be paid from rents, royalties, interest or the purchase price of state lands, or must such salaries and expenses be paid from the general fund of the state?

In order to answer the questions of his Excellency, it is not necessary for us to discuss the various provisions of the enabling act and the constitution, relating to the public lands of the state and funds arising therefrom. Section 9 of article IX of the constitution creates the state board of land commissioners, prescribes its

powers, fixes the salaries of its members, and provides that "the salary of each member of this board is to be paid out of the income of the said state board of land commissioners." What does the word "income" in the above mentioned section include? If the salary of a sheriff is payable out of the income of his office, it cannot in any proper sense be said that the money he may collect on executions to satisfy judgments would be income of the office. If the law prescribes that the sheriff shall receive certain fees for doing certain things, and a certain percentage of the money that he collects as compensation for the collection, the fees and percentage might properly be termed income of the office. If a private corporation sells and leases the lands and loans the money of others, and collects the purchase money, principal, interest and rents, it cannot be said in a proper sense that the money the corporation receives from the sale of lands or the loans collected when due, or the interest that is paid to it, or the rents collected by it, are the income of the corporation. If the corporation charges commissions on the sales, loans and collections, these commissions would be the income of the corporation. So with the state board of land commissioners. It sells and leases the public lands of the state, collects royalties and rentals therefrom and interest on deferred payments, but it cannot, in any proper sense, be said that the moneys arising from sales, royalties, rentals or interest are the income of the board. They are income, it is true, but income of the lands and funds under their management. What the board receives in fees, commissions or the like for doing this work is what is properly its income. The constitution provides that the salaries of the commissioners shall be paid out of the income of the state board of land commissioners, but it does not prescribe how or from what source this income shall arise. It remained then for the legislature to provide

in what manner and from what source this income should arise.

Section 5172 R. S. 1908, chapter 116, provides that the board may collect certain fees; that when these fees are collected they are to be paid to the state treasurer, and by him credited to the land commissioners' cash fund, and shall be paid out on warrants drawn against that fund in payment of such vouchers as may be ordered and allowed by the board and certified by the governor and register. This land commissioners' cash fund is the only income of the board provided for by existing statutes, and of course can be augmented only from the sources indicated in the statutes.

Section 5194 provides that: "The funds arising from the sale of public school, university and agricultural college lands shall be held intact for the benefit of the funds for which such lands were granted, and shall be known as permanent funds, and the interest and rentals only shall be expended for the purposes of the grant. The funds arising from the sale, leasing and income of all other state lands shall be disposed of as shall be provided by law, but, in the absence of any other provision, may be invested in the same manner as the school fund."

Section 5195 provides that: "All moneys arising from the leasing of agricultural college, university or public school lands which are now, or may hereafter be, received by the state treasurer, shall be treated in all respects in the same manner as is provided by law for the disposition of the interest on the proceeds arising from the sale of the same class of lands."

Section 5198 provides: "All purchase moneys arising from the sale of lands shall be paid by the register of the state board of land commissioners to the state treasurer, who shall receipt for same, and the sum shall be by him credited to the permanent fund to which

the land belonged.  All interest on purchase money and all rents received from lands leased shall be paid by the register of the state board to the state treasurer, and by him credited to the income fund to which the land belonged.  All such funds, whether permanent or income, unless otherwise disposed of by law, shall be invested.''  Then follow provisions for the investment.

It is thus provided, not that the proceeds of sales shall go into the permanent fund, but that all the funds arising from sales shall go into that fund, and that all the interest and rentals received shall go into an income fund—not an income fund of the state board of land commissioners, but the income fund to which the land belonged.  No provision is made by existing law that any portion of the purchase money or of the interest or rentals shall go into the income fund of the board or the land commissioners' cash fund.  If any portion of the funds arising from sales, interest or rentals can be used for the purposes of paying the costs and expenses of executing the trust imposed upon the state by the enabling act and other acts of congress and the constitution, including the salaries of the commissioners (which we do not determine), the legislature has not so provided, but on the contrary has provided that the money arising from the sales, rentals, royalties and interest shall not be so used.  The first interrogatory must, therefore, be answered in the negative.

It also follows that in answer to the second interrogatory it must be said that under existing law no salaries or expenses of the board can be paid from the rents, royalties, interest or the sale price of state lands, but must be paid either from the income of the board, or, if appropriation is made therefor, from the general fund, except the salaries of the commissioners, which can only be paid from the income.

Mr. Justice Hill not participating.